CANDELA CORPORATION, Plaintiff,

v.

The REGENTS OF THE UNIVERSITY OF CALIFORNIA, Defendant.

Civil Action No. 97–11577–GAO.

United States District Court, D. Massachusetts.

Sept. 25, 1997.

Scott A. Birnbaum, Testa, Hurwitz & Thibeault, Boston, MA, for Plaintiff.

Charles P. Kindregan, James B. Lampert, Hale & Dorr, Boston, MA, Gerald P. Dodson, John R. Moore, Arnold, White & Durkee, Menlo Park, CA, for Defendant.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

After this action was commenced in the Massachusetts Superior Court, the defendant removed it to this Court. The plaintiff now objects that the removal was improper and asks that the case be remanded. The issue raised by plaintiff's motion is whether The Regents of the University of California (the "Regents") has properly waived its immunity to suit under the Eleventh Amendment to the United States Constitution. For the reasons that follow, the Court concludes that the Regents has the authority to waive, and has in fact waived, its Eleventh Amendment immunity. The plaintiff's motion is therefore denied.

### Procedural Background

The plaintiff Candela Corporation ("Candela"), a manufacturer of medical laser systems, is a Delaware corporation with its principal place of business in Massachusetts. On June 13, 1997, Candela filed suit in Massachusetts Superior Court seeking a declaratory judgment that the Regents improperly terminated an exclusive license agreement with Candela. The Regents removed the action to this court pursuant to 28 U.S.C. § 1441(a), noting that the removal was "subject to the Eleventh Amendment of the United States Constitution." In due course, the Regents filed an answer and a counterclaim. In the counterclaim, the Regents asserts that "venue is based on 28 U.S.C. § 1391(a) and (c) subject to the Eleventh Amendment." Candela then brought its motion to remand, arguing that this court lacks subject matter jurisdiction over the litigation because the Regents has not waived Eleventh Amendment immunity.

### Discussion

Each of the parties acknowledge that the Regents is an "arm of the state" and therefore entitled to Eleventh Amendment immunity unless it is properly waived. The two questions raised are whether the Regents has authority under California law to waive Eleventh Amendment immunity, and, if so, whether it has properly done so.

*Authority*

The power of state officials to waive Eleventh Amendment immunity must be determined by "the general policy of the state as expressed in its Constitution, statutes and decisions." *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 467, 65 S.Ct. 347, 352, 89 L.Ed. 389 (1945). In *Ford* the Court interpreted a provision of the Indiana constitution to prohibit the state legislature from

waiving immunity except by general law, and therefore found that the state attorney general did not have the power to waive immunity by appearing in an action in federal court. 323 U.S. at 467–68, 65 S.Ct. at 352. *See also, Sosna v. Iowa,* 419 U.S. 393, 396 n. 2, 95 S.Ct. 553, 555 n. 2, 42 L.Ed.2d 532 (1975) (noting that because the Iowa Supreme Court has held that the State consents to suit and waives any defense of sovereign immunity by entering a voluntary appearance, Iowa officials had the authority to waive Eleventh Amendment immunity).

■ The California Constitution grants the Regents virtually plenary power with regard to the affairs of the University, practically to the total exclusion of other branches of California government. *See, e.g., San Francisco Labor Council v. Regents of the Univ. of Cal.,* 26 Cal.3d 785, 163 Cal.Rptr. 460, 461–62, 608 P.2d 277, 278–79 (1980). It vests the Regents with "the legal title and the management and disposition of the property of the university" and grants it "all the powers necessary or convenient for the effective administration of its trust, including the power to sue and be sued ..." Cal. Const. art. IX, § 9(f). Nothing appearing to the contrary, the plenary power to "sue or be sued" must include the authority to waive an immunity defense in a particular case.

This conclusion is consistent with the decisions of other federal courts which have assumed, without specifically considering the issue, that the Regents has the ability to waive sovereign immunity. *See. e.g., In re Regents of the Univ. of Cal.,* 964 F.2d 1128, 1134–35 (Fed.Cir.1992) (accepting without questioning the Regents' ability to waive immunity and initiate a patent suit in federal court); *In re Holoholo,* 512 F.Supp. 889, 901–02 (D.Haw.1981) (finding that the Regents waived immunity by entering a government contract contemplating suit in federal court).

*Waiver of Immunity*

A state's waiver of Eleventh Amendment immunity must be "unequivocal" and "specifically applicable to federal-court jurisdiction." *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985). In order to be effective, such a waiver must be "stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974) (citations omitted).

■ Candela argues that because the Regents' removal in this action was qualified by the statement that it was "subject to the Eleventh Amendment," the removal does not amount to an express waiver. Candela relies on a Pennsylvania district court opinion holding that the state did not waive Eleventh Amendment immunity where the removal notice stated that the defendant did not waive such immunity. *Radeschi v. Commonwealth of Pa.,* 846 F.Supp. 416 (W.D.Pa.1993).

It is true that the removal "subject to the Eleventh Amendment" appears to be a hedged bet, perhaps an effort to remove the action without entirely waiving an immunity defense. Standing alone, such a "qualified removal" might not rise to the level of an "unequivocal" waiver of immunity. However, subsequent to removal, the Regents also filed an answer and federal question counterclaim, and more importantly, has opposed the present motion on the grounds that it has in fact waived Eleventh Amendment immunity.

The First Circuit has held that the appearance by a state in an action coupled with other litigation activity supports a conclusion that Eleventh Amendment immunity has been waived. *Paul N. Howard Co. v. Puerto Rico Aqueduct Sewer Auth.,* 744 F.2d 880, 886 (1st Cir.1984) (state waived Eleventh Amendment immunity by appearing in action and filing of counterclaim against third party). In another case, the First Circuit determined that a state's actions in "seeking removal, arguing in opposition to plaintiff that the Eleventh Amendment did not bar federal jurisdiction ... and pressing a counterclaim in federal court" presented a clear case of waiver. *Newfield House, Inc. v. Massachusetts Dep't of Pub. Welfare,* 651 F.2d 32, 36 n. 3 (1st Cir.1981). This case presents the same situation. By removing the action, answering the complaint, counterclaiming, and opposing a motion to remand on immunity grounds, the Regents has clearly and un-

equivocally waived its Eleventh Amendment immunity to suit in the present case.

### Conclusion

The defendant has properly waived Eleventh Amendment immunity in this case, and the plaintiff's motion to remand is denied.

SO ORDERED.