INACOM CORP. and Boston Computer Exchange, Inc., Plaintiffs,

v.

COMMONWEALTH OF MASSACHUSETTS, Defendant.

No. CIV. A. 97–11496–REK.

United States District Court, D. Massachusetts.

April 15, 1998.

---

Steven S. Broadley, Posternak, Blankstein & Lund, Boston, MA, Mark F. Enebach, Terry B. Whiten, McGrath, North, Mullin & Kratz, Omaha, NE, for Inacom Corp.

Neil K. Sherring, Assistant Attorney General, James A. Sweeney, Attorney General's Office, Trial Div., Boston, MA, for Commonwealth of Mass.

## Memorandum and Order

KEETON, District Judge.

### I. Background

The dispute in this case arises out of the enforcement of a Massachusetts debarment statute. Section 25C(10) of chapter 152 of the Massachusetts General Laws states that

an employer who fails to provide insurance or self insurance as required by this chapter or knowingly misclassifies employees, to avoid higher premium rates, will be immediately debarred from bidding or participating in any state or municipal funded contracts for a period of three years ....

Mass. Gen. L. Ann. ch. 152 § 25C(10).

On August 27, 1996, Judge Volterra of the Suffolk Superior Court granted a Motion for Judgment Notwithstanding the Verdict on the ground that Boston Computer Exchange (a wholly-owned subsidiary of Inacom) had failed to provide workers' compensation coverage to Sylvia Liotta (a former Inacom employee). *See Liotta v. A Trust Dated April 21, 1985* (Suffolk Superior Court Docket No. 94–1825H). Review of this decision is now pending on appeal in the state Appeals Court. Following Judge Volterra's ruling, by a letter dated December 30, 1996, from Bruce M. Trager, Assistant Attorney General, the Commonwealth of Massachusetts notified Boston Computer Exchange and Inacom that it was immediately debarred from bidding or participating in any state or municipal contracts for a period of three years under chapter 152, § 25C(10).

Unable to resolve the matter with the Attorney General's office directly, plaintiff filed in this court a civil action against the Commonwealth seeking (1) declaratory relief under 28 U.S.C. § 2201 that the debarment statute was unconstitutional; (2) an injunction against enforcement of the statute; and (3) monetary damages for violation of plaintiff's civil rights under 42 U.S.C. § 1983. Inacom claims that as a result of being debarred it has lost opportunities to bid both on contracts within Massachusetts and on contracts in other states as well. *See* Trial Brief (Docket No. 35 at 5–6).

After a hearing on December 4, 1997, the court denied plaintiff's request for a preliminary injunction. *See* Memorandum and Order (Docket No. 23, entered December 11, 1997). On March 12, 1998, the court held a nonjury trial. The court did not enter judgment at that time, but instead allowed the parties additional time for briefing as to issues bearing on whether or not the Commonwealth had waived its Eleventh Amendment immunity. The parties filed simultaneous submissions. Plaintiff argued that the Eleventh Amendment defense was inapplicable to plaintiff's claim for declaratory relief, that the case was ripe for review because of the harm incurred by Inacom, and that the Commonwealth had waived its immunity by taking certain actions in this case thus far. *See* Inacom's Submission on Immunity and Justiciability (Docket No. 45, filed March 26, 1998). The Commonwealth's submission focused solely on the issue of Eleventh Amendment waiver. *See* Commonwealth of Massachusetts' Memorandum of Law in Support of Dismissing This Action in Accordance with the Eleventh Amendment (Docket No. 46, filed March 26, 1998).

### II. Eleventh Amendment Bar to Money Awards

■ The Eleventh Amendment bars civil actions for money damages against a state, its subdivisions, or its officials, except where a state has acted to reduce or eliminate its sovereign immunity. *See Edelman v. Jordan,* 415 U.S. 651, 676–77, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Inacom did not, when filing this civil action, name any state official as a defendant. Inacom now seeks leave to amend to add a state official, Assistant Attorney General Bruce Trager, as a party. *See* Motion for Leave to Add Party Defendant (Docket No.

42, filed March 12, 1998). The Commonwealth opposes this motion, arguing that the addition of Mr. Trager would have no effect on the plaintiff's § 1983 claim. *See* Commonwealth of Massachusetts' Opposition (Docket No. 47, filed March 26, 1998).

■ Plaintiff's request for leave to add a state official, even if allowed, would not change in any way the nature of the civil action *against the Commonwealth,* because a suit against a state official in his or her official capacity is a suit against the state. *See Will v. Michigan Dept. State Police,* 491 U.S. 58, 65–66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, the Eleventh Amendment remains as a bar to Inacom's claim for damages against the Commonwealth unless some other ground of overcoming the bar can be shown.

### III. Limits on Jurisdiction to Grant Declaratory and Injunctive Relief

■ The addition of a state official, in his official capacity, as a named defendant, may have a bearing upon a claim by Inacom for declaratory and injunctive relief. The Eleventh Amendment bar to federal jurisdiction does not apply to claims for prospective declaratory or injunctive relief that the state official has authority, under state law, to effectuate. *See Ex Parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

■ The weakness in Inacom's claim for declaratory relief is that Inacom has not shown that a present case or controversy exists, to invoke the jurisdiction of this court under the limitations imposed by the Constitution of the United States. An underlying controversy which plaintiff must show to have been resolved in its favor before it has a claim ripe for adjudication here, remains unresolved while pending in the state Appeals Court.

■ This court does have jurisdiction in some instances to award declaratory judgment, under 28 U.S.C. § 2201, but only "[i]n the case of an actual controversy." An "actual controversy" is one that is

> definite and concrete, touching the legal relation of parties having legal interests .... It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1936) (citations omitted).

Moreover, even if the case before the Appeals Court is resolved in Inacom's favor, it does not necessarily follow that Inacom could then show a live case or controversy invoking the jurisdiction of this court. For example, if grounds for Inacom's debarment no longer existed, it is unlikely that the Commonwealth would then attempt to keep the debarment order in effect. And any relief for harm already suffered would face the Eleventh Amendment bar against a money award. This court's taking jurisdiction now and declaring what rights parties might have depending on different possible outcomes of the pending appeal would be in effect rendering inappropriate advisory opinions on issues not yet ripe for adjudication in this court.

Thus, although this court has jurisdiction to decide whether it has jurisdiction, it exhausts the limits of its authority once it is alerted to the inappropriateness of the request for declaratory relief in the present circumstances.

■ The uncertainty with respect to the outcome of the state proceedings also affects this court's jurisdiction to adjudicate plaintiff's claim for equitable relief. If Judge Volterra's decision is reversed and Inacom is removed from the debarment list, Inacom will have no standing to seek prospective injunctive relief. Past exposure to a harm does not by itself confer standing upon a party to seek equitable relief unless a sufficient likelihood exists that the party will be again wronged in a similar manner. *See Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *see also American Postal Workers Union v. Frank,* 968 F.2d 1373, 1376 (1st Cir.1992). Thus, this court also lacks jurisdiction to grant the equitable relief sought by plaintiff.

In light of these conclusions, together with the conclusion explained in Part IV, below, the case must be dismissed. The judgment dismissing the case will not be an adjudication on the merits of claims for declaratory and injunctive relief. As to these matters, it will be a dismissal for want of jurisdiction.

## IV. The Commonwealth's Right to Assert the Eleventh Amendment Bar to Money Awards

■ A state may waive, or be precluded by its actions from asserting, its Eleventh Amendment immunity. *See Paul N. Howard Co. v. Puerto Rico Aqueduct Sewer Auth.,* 744 F.2d 880, 886 (1st Cir.1984) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)), *cert. denied,* 469 U.S. 1191, 105 S.Ct. 965, 83 L.Ed.2d 970 (1985). Such a waiver or preclusion "may be inferred from the state's conduct." *Garrity v. Sununu,* 752 F.2d 727, 737 (1st Cir.1984); *cf. Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (noting that a legislative waiver must be "stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.") (citations omitted).

■ In each of the cases cited by plaintiff, the state took particular actions that led to the judicial determination that the state could no longer assert its Eleventh Amendment immunity. These actions included removing the case to federal court, failing to raise the Eleventh Amendment defense, filing a counterclaim, and filing a third-party action. *See, e.g., Garrity,* 752 F.2d at 737 (state failed to raise Eleventh Amendment bar until appeal); *Paul N. Howard Co.,* 744 F.2d at 886 (state filed counterclaim and third-party claim); *Newfield House, Inc. v. Mass. Dept. of Publ. Welfare,* 651 F.2d 32, 36 n. 3 (1st Cir.) (state removed action to federal court and filed counterclaim), *cert. denied,* 454 U.S. 1114, 102 S.Ct. 690, 70 L.Ed.2d 653 (1981); *Candela Corp. v. Regents of the University of California,* 976 F.Supp. 90, 92–93 (D.Mass.1997) (state removed action to federal court and filed counterclaim).

The Court of Appeals for the First Circuit recently considered whether a congressional amendment to the Fair Labor Standards Act (FLSA) abrogated the state's Eleventh Amendment immunity. *Mills v. State of Maine,* 118 F.3d 37, 54 (1st Cir.1997). The Court of Appeals concluded that the FLSA "contain[ed] the necessary clear statement of congressional intent to abrogate state sovereign immunity." *Id.* at 42. But the Court further determined, consistent with *Seminole Tribe v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 1131–32, 134 L.Ed.2d 252 (1996), that Congress did not have the power to abrogate the states' sovereign immunity in enacting the legislation under its Commerce Clause power. *Mills,* 118 F.3d at 48. Also, the First Circuit explicitly stated that, "whatever basis they may have in the Commerce Clause," the 1974 Amendments to the FLSA that were at issue in *Mills* "did not apply the Act's wage and hour provisions *to the states and state employees* as a legitimate exercise of congressional authority to adopt legislation under section five of the Fourteenth Amendment," which does confer upon Congress the power to abrogate states' immunity. *Id.* (emphasis added). Given the ruling of the Court of Appeals with respect to the effectiveness of a state's explicit legislative declaration of an abrogation of immunity, it is far from likely that conduct (such as occurred in this case) of an Assistant Attorney General acting on behalf of the Commonwealth of Massachusetts could effectively waive or preclude assertion of the Eleventh Amendment immunity of the Commonwealth.

The Commonwealth's conduct in this case does not support a determination that the Commonwealth has waived or is precluded from asserting Eleventh Amendment immunity. The Commonwealth of Massachusetts did not remove the case to federal court, file a counterclaim, or fail to raise its immunity defense. Although the Commonwealth has done more than merely appear, most of its actions, including opposing a preliminary injunction on the merits and opposing discovery, were responses to initiatives by the plaintiff. The Commonwealth's other actions (moving for additional time to answer, filing an answer, reserving the right to assert counterclaims, preparing for trial, and filing

two motions to dismiss, one of which was based on the Eleventh Amendment bar) do not support a determination of waiver of or preclusion to assert Eleventh Amendment immunity.

### Order

For the foregoing reasons it is OR-DERED:

(1) The Commonwealth's Motion to Dismiss (Docket No. 36) is ALLOWED. As to plaintiff's claims for declaratory and injunctive relief this is a dismissal for want of jurisdiction and not in any respect a ruling on the merits.

(2) All other pending motions (Docket Nos. 14, 26, 37 and 42) are DISMISSED as moot.

(3) The Clerk is directed to enter on a separate document Final Judgment as follows:

> This Civil Action is DISMISSED. As to plaintiff's claims for declaratory judgment and injunctive relief, this is a dismissal for want of jurisdiction and not in any respect a ruling on the merits.