**Daniel CABRAL, Plaintiff,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant.**

**No. CIV. A. 99–10760–REK.**

United States District Court, D. Massachusetts.

July 23, 1999.

Brian J. Sullivan, Fall River, MA, for Daniel Cabral, Plaintiff.

Clive D. Martin, Anthony R. Zelle, Robinson & Cole, Boston, MA, Jonathan H.

Koenig, Zelle & Larson, LLP, Waltham, MA, for St. Paul Fire & Marine Insurance Co., Defendant.

## Memorandum and Order

KEETON, District Judge.

### I.

Pending for decision are cross-motions for summary judgment in this case, as follows:

(1) Defendant St. Paul Fire and Marine Insurance Company's Motion for Summary Judgment (Docket No. 9, filed June 15, 1999), with Memorandum of Reasons in Support of Motion for Summary Judgment (Docket No. 10, filed June 15, 1999) and supporting affidavit of Clive D. Martin (Docket No. 11, filed June 15, 1999);

(2) Plaintiffs' document with dual title, Opposition to Motion for Summary Judgment and Cross Motion for Summary Judgment (Docket No. 14, filed July 9, 1999), with Memorandum in Support (Docket No. 15, filed July 9, 1999) and Defendant's Opposition to Plaintiff's Cross–Motion for Summary Judgment (Docket No. 17, filed July 19, 1999).

After hearing on July 22, 1999, I conclude that neither party is entitled to a declaratory judgment of the terms that party requests, but that it is appropriate to decide this case on the submissions of the parties as in effect a "case stated," *United Paperworkers International Union v. International Paper Co.*, 64 F.3d 28, 31–32 (1st Cir.1995). This decision is made in accordance with the stipulation of the parties to this procedure during the hearing of July 22, 1999.

### II.

The sole controversy identified in the pleadings in this case centers on whether plaintiff is entitled to know in advance the identity of any expert to whom defendant wishes to submit, for evaluation and advice, the confidential psychological records that plaintiff's attorney delivered to defendant's attorney during settlement negotiations with respect to plaintiff's claim against defendant.

Plaintiff was injured in a truck accident in Pennsylvania on or about September 20, 1997. Defendant was the insurer of a policy issued to Silva's Express, Inc. of Lowell, Massachusetts, owner of the vehicle in which plaintiff was traveling at the time of the accident. Plaintiff made a tort claim against Silva's Express and a demand against defendant as insurer of Silva's Express.

Plaintiff made a demand on defendant of $860,000 to settle his claim against Silva's Express and defendant made a counteroffer of $380,000. Also, defendant told plaintiff it was unable to evaluate plaintiff's claim properly without having plaintiff's psychological records for review and submission to an expert for evaluation. Plaintiff delivered the records under a confidentiality agreement allowing defendant's representative to review them but forbidding disclosure to an expert for evaluation without advance approval of plaintiff.

Plaintiff filed this civil action in Bristol Superior Court of the Commonwealth of Massachusetts, and defendant removed to this court. This court, at a hearing on April 12, 1999 (Docket No. 5) found that the amount in controversy exceeds $75,000 and that removal to this court was proper. The court denied plaintiff's motion to remand and left the parties to negotiate further for the purpose of resolving their dispute. Negotiations having failed, the pending motions were filed and the date for hearing was set.

### III.

Plaintiff's complaint asks that this court enjoin the defendant from showing the confidential records to an expert without first obtaining plaintiff's approval of the selection of the expert. Defendant made clear on the record at the hearing of April 12, 1999 that it was not threatening to take such action. The court explained that it

does not ordinarily issue an injunction when plaintiff has failed to show any likelihood that the action proposed to be enjoined would be taken absent injunction. I continue to hold the view that an injunction of the terms sought by the plaintiff in the complaint would be inappropriate. If that continues to be the only relief plaintiff seeks in the pleadings in this civil action, an immediate dismissal of this civil action is appropriate.

Defendant's motion for summary judgment states its position as opposing a simple dismissal of this case. Defendant's motion in effect seeks to broaden the issue before the court by asking the court to order a declaratory judgment establishing that defendant's conduct in this matter is not a violation of any of its obligations under its policy provisions or under law with respect to timely and good faith action in settlement negotiations.

In response, plaintiff opposes a declaratory judgment of the terms proposed by defendant and proposes in plaintiff's Cross Motion for Summary Judgment that the court order a declaratory judgment that defendant has already committed violations and is mandatorily enjoined either to accept plaintiff's settlement offer immediately (or pay even more) or advise plaintiff immediately of the identity of any expert to whom defendant proposes to submit the psychological records and obtain plaintiff's consent before doing so.

The respective proposals of the parties are so far outside the limits of appropriate declaratory relief by this court that I now deny both forthwith.

I note also that declaratory relief is to some extent discretionary. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288–89, 115 S.Ct. 2137, 2143–44, 132 L.Ed.2d 214 (1995) ("unique breadth of discretion to decline to enter a declaratory judgment"); *EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed.Cir.1996) (quoting and applying *Wilton*). No order made now could appropriately mandate how the parties behave in their further negotiations with each other

and for that reason would be so hypothetical and inconclusive that, in the exercise of discretion with respect to declaratory relief, I would decline to determine what alternative to the inappropriate proposals of the parties might be appropriate. *See also Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (to be an actual controversy under 28 U.S.C. § 2201 it "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts"); *Inacom Corp. v. Commonwealth of Mass.*, 2 F.Supp.2d 150, 153 (D.Mass.1998) (quoting and applying *Haworth* to a dispute over interpretation of a Massachusetts statute).

## IV.

Remaining for consideration is whether I should simply dismiss this civil action forthwith because no issue raised by the pleadings (including the cross motions as well as the complaint) remains unresolved, or let it linger in an inactive status on the docket of this court.

Both parties having failed to show any good cause for allowing the case to remain inactive on the docket of this court, I conclude that dismissal is appropriate.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendant St. Paul Fire and Marine Insurance Company's Motion for Summary Judgment (Docket No. 9, filed June 15, 1999) is DENIED.

(2) Plaintiff's Cross Motion for Summary Judgment (Docket No. 14, filed July 9, 1999) is DENIED.

(3) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

For the reasons stated in the Memorandum and Order of this date, it is ORDERED:

This civil action is DISMISSED.